UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GO-PAK PAPER PRODUCTS VIETNAM CO., LTD.,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>             Defendant. | Court No. 25-00070 |

## COMPLAINT

Plaintiff, Go-Pak Paper Products Vietnam Co., Ltd. ("Go-Pak Vietnam") by and through its attorneys, Trade Pacific PLLC, hereby files this Complaint and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. This is an appeal from the final determination issued by the U.S. Department of Commerce, International Trade Administration ("Commerce") of sales at less than fair value in its antidumping duty ("AD") investigation of Certain Paper Plates from the Socialist Republic of Vietnam ("Vietnam") (Case No. A-552-839). The challenged determination covers entries of paper plates imported from Vietnam during the period of investigation from July 1, 2023, through December 31, 2023 ("POI").

2. Commerce issued its final determination of sales at less than fair value in its antidumping duty investigation of Certain Paper Plates from Vietnam on January 22, 2025 and notice thereof was published in the Federal Register on January 28, 2025. *See Certain Paper*

1

*Plates From the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 90 Fed. Reg. 8,265 (January 28, 2025) ("*Final Determination*").  Commerce published the antidumping duty order on Certain Paper Plates from Vietnam in the Federal Register on March 20, 2025.  *See Certain Paper Plates From the People's Republic of China, Thailand, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 90 Fed. Reg. 13,139 (March 20, 2025) ("*AD Order*").  The challenged determinations, findings, and conclusions are set out primarily in the accompanying Issues and Decision Memorandum, Final Analysis Memorandum, and Final Surrogate Value Memorandum accompanying the *Final Determination*.  *See* U.S. Department of Commerce Memorandum to Abdelali Elouaradia, Deputy Assistant Secretary for Enforcement and Compliance, *Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less Than Fair Value of Certain Paper Plates from the Socialist Republic of Vietnam* (January 21, 2025) ("*IDM*"), and accompanying *Final Analysis Memorandum* (January 21, 2025) ("*Final Analysis Memo*"); *Final Surrogate Values Memorandum* (January 21, 2025) ("*Final SV Memo*").

**JURISDICTION**

3.     This action is commenced under Sections 516A(2)(A)(i)(I), 516A(a)(2)(B)(iii) and 516A(d) of the Tariff Act of 1930, as amended (the "Act") (19 U.S.C. §§ 1516a(a)(2)(B)(iii), 1516a(2)(A)(i)(I), 1516a(d)), to contest the *Final Determination* issued by Commerce of sales at less than fair value in its antidumping duty investigation of Certain Paper Plates from Vietnam.

4.     This Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a and 28 U.S.C.

§ 1581(c).  28 U.S.C. § 1581(c) confers on this Court exclusive jurisdiction to review the final results of antidumping duty investigation issued by Commerce under Section 751 of the Act.

## TIMELINESS OF THE ACTION

5.  Commerce published the *Final Determination* of sales at less than fair value in its antidumping duty investigation of Certain Paper Plates from Vietnam in the Federal Register on January 28, 2025.  *See Final Determination*, 90 Fed. Reg. at 8,265.  Commerce published the *AD Order* on Certain Paper Plates from Vietnam in the Federal RegisteR on March 20, 2025.  *See AD Order*, 90 Fed. Reg. at 13,139.

6.  This action was commenced by the filing of a Summons on April 19, 2025, within 30 days after the publication of the *AD Order*.  Accordingly, this action is timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) and 28 U.S.C. § 2636(c).

## STANDING

7.  Go-Pak Vietnam (hereinafter "Plaintiff") is a foreign producer and exporter of paper plates from Vietnam whose sales were subject to the investigation.  *See Final Determination*, 90 Fed. Reg. at 8,265.  Consequently, Plaintiff is an "interested party" as defined by 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).  Additionally, Plaintiff was selected as a mandatory respondent in the investigation, and actively participated in the administrative proceeding which resulted in the contested *Final Determination*.  *See Final Analysis Memo*, at 1-2.  Accordingly, Plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) as parties to the proceeding in connection with which this Complaint arises.

8. Plaintiff is entitled to commence this action pursuant to 28 U.S.C. § 2631(c).

## **STATEMENT OF FACTS**

9. Plaintiff incorporates the allegations contained in paragraphs 1 through 8 as fully set forth herein.

10. On January 25, 2024, Commerce received an antidumping duty (AD) petition concerning imports of paper plates from Vietnam, filed in proper form on behalf of the American Paper Plate Coalition (the petitioner), domestic producers of paper plates. On February 14, 2024, Commerce initiated the LTFV investigation on paper plates from Vietnam. *See Certain Paper Plates from the People's Republic of China, Thailand, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 89 Fed. Reg. 14,046 (February 26, 2024).

11. Commerce selected the Go-Pak Vietnam and Xie Li Viet Nam International Company Limited ("Xie Li") as mandatory respondents in the investigation. Subsequently, Xie Li withdrew its participation as a mandatory respondent in this investigation.

12. In Exhibit SV-9 of Go-Pak Vietnam's First SV Submission, Go-Pak Vietnam provided the audited 2023 financial statements from PT Alkindo Naratama Tbk ("Alkindo"), an Indonesian producer of paper bowls, paper cups, paper food boxes, and other paper products. *See* Letter from Trade Pacific PLLC, "Paper Plates from the Socialist Republic of Vietnam – Comments on Surrogate Values" (June 20, 2024) ("Go-Pak Vietnam's First SV Submission"), Exhibit SV-9. In the same submission, Go-Pak Vietnam provided the web excerpts showing

the comparable merchandise produced by Alkindo, as well as Commerce's surrogate value memorandum from a recent investigation of paper shopping bags from Vietnam wherein it relied on the 2022 audited financial statement of Alkindo to determine the surrogate financial ratios. *Id.*, Exhibits SV-11 and SV-12. In contrast, the petitioner presented the 2023 annual report and company information for an Indonesia producer of tissue paper and kraft paper— PT Suparma Tbk ("Suparma"). *See* Letter from The Bristol Group PLLC, "Paper Plates from the Socialist Republic of Vietnam – Petitioner's Initial Surrogate Value Submission" (June 20, 2024) ("Petitioner's First SV Submission"), Exhibit 5.

13.     In its supplemental response, Go-Pak Vietnam provided purchase documents including the import declaration for its paper purchase wherein on page 3 of the import declaration the HTS Code used to classify the imported paper was 4810.92.90. *See* Response from Trade Pacific PLLC, "Paper Plates from the Socialist Republic of Vietnam: Third Supplemental Questionnaire Response" (July 29, 2024) ("Go-Pak Vietnam's Supp3 Response"), at page narrative page SD3-5 and Exhibit SD3-3(a). In the same supplemental response, Go-Pak Vietnam additionally supplied product specification information, technical information sheet, and supplier declaration. *Id.*, at Exhibits SD3-3(b), SD3-3(c), and SD3-3(d). HTS classification 4810.92.90 in both Vietnam and Indonesia covers "multi-ply" paper or paperboard that is in rolls that are greater than 150 mm in width. *See* Letter from Trade Pacific PLLC, "Paper Plates from the Socialist Republic of Vietnam – Rebuttal Comments on Surrogate Values" (July 3, 2024) ("Go-Pak Vietnam's Rebuttal SV Submission"), Exhibits 3E and 3F. At verification, Commerce "observed that the paper type (i.e., multi-layered "GC2") . . . . was accurately reported." *See* Verification Report, at 12 and Exhibit FVE-11B. However,

5

Petitioner claimed that Commerce should value Go-Pak Vietnam's paper/paperboard input using Indonesian imports under HTS category 4810.32.90.  *See* Letter from The Bristol Group PLLC, "Certain Paper Plates from the Socialist Republic of Vietnam: Case Brief of the American Paper Plate Coalition," (Nov. 14, 2024) ("Petitioner's Case Brief").

14.	In August 2024, Commerce issued its preliminary determination of investigation.  *See Certain Paper Plates From the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part, Postponement of Final Determination, and Extension of Provisional Measures*, 89 Fed. Reg. 72,375 (September 5, 2024) ("*Preliminary Determination*"), and accompanying *Decision Memorandum for the Preliminary Affirmative Determination of Sales at Less Than Fair Value of Certain Paper Plates from the Socialist Republic of Vietnam* (August 29, 2024) ("*PDM*") and Preliminary Surrogate Values Memorandum (August 29, 2024) ("*Prelim. SV Memo*").  In the *Preliminary Determination*, Commerce relied on the audited 2023 financial statements of both Alkindo and Suparma to calculate surrogate financial ratios.  *See PDM*, at 23-24.  Additionally, for Go-Pak Vietnam's paper input, Commerce preliminarily used the average unit value ("AUV") for HTS subheading 4810.92.90 to value the paper input, which was the same HTS classification actually used by Go-Pak Vietnam for this particular paper. *See Prelim. SV Memo*, at 3-4.

15.	After the *Preliminary Determination*, Commerce conducted verification of the questionnaire responses of Go-Pak Vietnam.

16.     Between November 14, 2024 and November 20, 2024, interested parties including Go-Pak Vietnam submitted case and rebuttal briefs to Commerce. *See IDM* at 2.

17.     In the *Final Determination*, Commerce determined to use a simple average of the AUVs from two different HS subheadings—4810.32.90 and 4810.92.90—to value Go-Pak Vietnam's paper input. *See IDM* at Comment 1.

18.     Additionally, in the *Final Determination*, Commerce continued to rely on the average of the financial ratios derived from the financial statements of both Alkindo and Suparma. *See IDM* at Comment 2.

## STATEMENT OF CLAIMS

### COUNT ONE

20.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 18 as fully set forth herein.

21.     Commerce erroneously used the financial statements of Suparma in its calculation of surrogate financial ratios because Suparma is not a producer of comparable merchandise. Commerce's determination to use Suparma's financial statements to calculate the surrogate financial ratios applied to Go-Pak Vietnam was not supported by substantial evidence.

### COUNT TWO

22.     Plaintiff incorporates the allegations contained in paragraphs 1 through 21 as fully set forth herein.

23.     Commerce erroneously determined to use a simple average of the average unit values from two different HS subheadings—4810.32.90 and 4810.92.90—to value Go-Pak Vietnam's paper input, despite record evidence establishing that Go-Pak Vietnam's paper is classified under 4810.92.90 and is not classified under 4810.32.90, Petitioner's preferred surrogate value. Commerce's decision to average the AUVs of the HTS import data specific to Go-Pak Vietnam's paper with HTS import data that was not specific to Go-Pak Vietnam's paper was unsupported by substantial evidence and not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a)     hold that Commerce's *Final Determination* is unsupported by substantial evidence and otherwise not in accordance with law;

(b)     remand the *Final Determination* with instructions to issue a new determination that is consistent with the Court's decision; and

(c)     provide such other and further relief as this Court deems just and proper.

                        Respectfully submitted,

                        /s/ Jonathan M. Freed
                        Jonathan M. Freed
                        Aqmar Rahman
                        Didie Muller
                        TRADE PACIFIC PLLC
                        700 Pennsylvania Avenue, SE, Suite 500
                        Washington, DC  20003
                        Tel:  (202) 223-3760
                        jfreed@tradepacificlaw.com

                        *Counsel to Plaintiff*

Dated: May 18, 2025